# "EXHIBIT 2"

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 14 2016    CJ16 3542

RICK WARREN
COURT CLERK    Timmons



## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| JESUS OCHOA )  | |
| ) | |
| Plaintiff, ) | **CJ-2016-3542** |
| ) | |
| v. ) | Case No. CJ-2016-_____ |
| ) | |
| UNION STANDARD INSURANCE ) | |
| GROUP, LLC ) | |
| ) | |
| ACADIA INSURANCE GROUP, LLC ) | |
| ) | |
| ACADIA INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

## PETITION

### JURISDICTION AND VENUE

1. Plaintiff, Jesus Ochoa, is a resident of Canadian County, State of Oklahoma.

2. Defendants Union Standard Insurance Group, LLC, Acadia Insurance Group, LLC and Acadia Insurance Company (hereafter referred to as "Defendants") are duly authorized and licensed to do business in the State of Oklahoma.

3. Defendants are foreign corporations organized under the laws of the State of Delaware and may be served with process through the Oklahoma Insurance Commissioner.

4. Subject matter jurisdiction is proper in this Court pursuant to 12 O.S. § 2004(F).

5. Venue is proper in this Court pursuant to 12 O.S. § 137.

1

6. On or about August 19, 2011, Plaintiff Jesus Ochoa, while employed by Roberts Joint Venture d/b/a Canadian Valley Turf, was injured in a motor vehicle wreck due to the fact that employees of Roberts Joint Venture d/b/a Canadian Valley Turf negligently maintained the work vehicle he was driving. The wreck occurred near the city of Hinton, Oklahoma in Caddo County.

7. Plaintiff reported the mechanical problems he was having with his work vehicle on multiple occasions including in May, June and early August of 2011. He asked his employer to drive the vehicle because he was concerned for his safety.

8. Specifically, Plaintiff reported that the steering on the vehicle was so poorly maintained that he was having trouble keeping it on the roadway.

9. Plaintiff's employer negligently failed to heed these warnings and perform necessary maintenance on Plaintiff's work vehicle. This constitutes negligent maintenance of a motor vehicle.

10. Plaintiff was seriously injured in a car wreck on August 19, 2011 due to the negligent maintenance of a motor vehicle that caused the malfunction of his work vehicle and subject wreck.

11. Defendants had a valid insurance policy in place at the time of the wreck, which included UM/UIM coverage.

12. Plaintiff's co-employees **negligently maintained** the motor vehicle that Plaintiff was driving at the time of the wreck. Plaintiff's employer and co-employees are immune from suit under the Oklahoma Workers Compensation Statutes.

13. The negligent maintenance of Plaintiff's work vehicle caused the wreck which led to his serious and permanent injuries.

2

14. Defendants should have paid the UM/UIM policy limits to Plaintiff and breached the applicable UM/UIM contract in refusing to do so.

15. Plaintiff timely and properly made claims for policy benefits on the applicable policy with Defendants, and otherwise complied with all conditions precedent, including the cooperation of any investigation needed in the claims handling.

16. In direct breach of the contract, Defendants formally denied Plaintiff's request for payment under the UM/UIM policy.

17. On the dates that benefits were requested by the Plaintiff, there was a valid and paid insurance contract in place.

18. On January 20, 2015, Defendants breached this insurance contract with the Plaintiff by denying a claim for benefits and failing to timely pay benefits in accordance with the terms of the policy.

19. Defendants have wrongfully denied payment of policy benefits without any reasonable basis for doing so.

20. As a direct result of Defendants' breach of contract, Plaintiff has sustained damages including the loss of the policy coverage, attorney's fees and costs.

21. As a direct and proximate result of the breach of contract described above, the Plaintiff incurred harms and losses in excess of $75,000.

22. Damages compensable under the applicable contract included reasonable expenses of necessary medical care and treatment and services, physical pain and suffering, mental pain and suffering, physical impairment, disfigurement, loss of earnings, loss of time, and other damages.

23. The Defendants' denial of the above described UM/UIM claim was unreasonable under the circumstances and constitutes a breach of the duty of good faith and fair dealing.

24. The jury ought to provide a verdict to punish and deter the insurance company Defendants and other similarly situated insurers from engaging in acts of bad faith. Plaintiff demands punitive damages be awarded in an amount in excess of $75,000.

25. Plaintiff requests judgment against Defendants in an amount in excess of $75,000 for actual damages, punitive damages, interests and costs.

**ATTORNEYS' LIEN CLAIMED**

Dated this 14th day of **July, 2016**.
**BRANUM LAW FIRM, PLLC**

*/s/ John Branum*

John Branum, OBA No. 20165
Jay Mitchel, OBA No. 20784
7701 South Western Ave. Suite 205
Oklahoma City, OK 73139
(800) 318-9950 Phone
(800) 418-8210 Fax
john@branumlawfirm.com
jay@branumlawfirm.com

and

Michael Hill
Michael Hill, PLLC
308 NW 13th Street, Suite 100
Oklahoma City, OK 73103
(405) 232-0555 Phone
(405) 232-1849 Fax
mike@burtonlaw.com
**ATTORNEYS FOR PLAINTIFF**

5